Opinion issued June 10, 2004











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00399-CV
____________

BERWIN MCCURDY JR., Appellant

V.

ROWAN DRILLING COMPANY, INC. and EDWARD THIELE, Appellees




On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2001-28805




MEMORANDUM OPINION
          Appellant, Berwin McCurdy Jr., appeals from a take-nothing judgment
rendered upon the summary judgment motion of appellees, Rowan Drilling Company,
Inc. (“RDC”) and Edward Thiele (together, “the RDC parties”). We determine
whether genuine issues of material fact precluded summary judgment for the RDC
parties on McCurdy’s claim for malicious prosecution. We affirm.
Background
          In January 1996, Texas Ranger Matt Andrews met with Wayne Wicks, an
investigator whom RDC had hired to perform an audit at RDC’s yard in Odessa,
Texas; appellee Edward Thiele, who was RDC’s Chief Financial Officer; and Bill
Person, who was RDC’s Vice-President, about investigating the Odessa yard. The
reason for requesting the Texas Rangers’ investigation was that Wicks’s audit had
uncovered suspected irregularities at, and significant amounts of property missing
from, the Odessa yard. Wicks’s initial audit indicated that retired drilling
superintendent, Ernest Doyle Robinson, and a former vice-president and current tool
pusher, Paul Warren Hopkins, might have sold or stolen a large amount of the
missing property. McCurdy was one of the workers at RDC’s Odessa yard when
Robinson and Hopkins were there.
          The Texas Rangers conducted an approximately 18-month-long investigation,
toward the end of which they conferred with the Ector County District Attorney. A
grand jury eventually indicted several individuals, including Robinson, Hopkins, and
McCurdy, for offenses including misapplication of fiduciary property, theft of
property in varying amounts, and engaging in organized crime. McCurdy, along with
four others, was indicted for organized criminal activity in the theft of paint, lumber,
a welding machine, and certain bolts, nuts, and washers. The indictments were later
dismissed because Robinson, whom the Assistant District Attorney considered to be
“pivotal” and “necessary” to the cases, had died.



          In June 2001, McCurdy sued the RDC parties for malicious prosecution.


 The
RDC parties moved jointly for both traditional and no-evidence summary judgment. 
The trial court granted their motion without specifying grounds or indicating whether
the motion was granted on traditional or no-evidence grounds and dismissed
McCurdy’s claims with prejudice. McCurdy moved for new trial, which motion was
denied by operation of law.
Standard of Review and Burden of Proof
          Traditional summary judgment under Rule of Civil Procedure 166a(c) is proper
only when a movant establishes that there is no genuine issue of material fact and that
he is entitled to judgment as a matter of law. Randall’s Food Mkts., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995); see Tex. R. Civ. P. 166a(c). A defendant is
entitled to a traditional summary judgment if the evidence disproves as a matter of
law at least one element of each of the plaintiff’s causes of action or if the evidence
conclusively establishes all elements of an affirmative defense. Johnson, 891 S.W.2d
at 644.
          A party may move for a “no-evidence” summary judgment under Rule of Civil
Procedure 166a(i) “if there is no evidence of one or more essential elements of a
claim or defense on which an adverse party would have the burden of proof at trial.” 
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.); see Tex. R. Civ. P. 166a(i). A
no-evidence summary judgment is, therefore, like a directed verdict. See Flameout
Design, 994 S.W.2d at 834. “The trial court must grant the motion unless the
nonmovant produces more than a scintilla of evidence raising a genuine issue of
material fact on the challenged elements.” Id.
          In reviewing either type of summary judgment, we indulge every reasonable
inference in favor of the nonmovant, resolve any doubts in its favor, and take as true
all evidence favorable to it. Johnson, 891 S.W.2d at 644; Flameout Design, 994
S.W.2d at 834. When, as here, an order granting summary judgment does not specify
the grounds upon which the trial court ruled, we must affirm to the extent that any of
the summary judgment grounds is meritorious. See Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995).
 
Malicious Prosecution
          In his sole issue, McCurdy argues that the trial court erred in rendering
summary judgment for the RDC parties on his claim for malicious prosecution
because genuine issues of material fact existed.
A.      The Cause of Action
          The elements of a malicious-prosecution claim are as follows:
1.the commencement of a criminal prosecution against the plaintiff,
 
2.initiation or procurement (causation) of the action by the
defendant,
 
3.termination of the prosecution in the plaintiff’s favor,
 
4.the plaintiff’s innocence,
 
5.the absence of probable cause for the proceedings,
 
6.malice in filing the charge, and
 
7.damage to the plaintiff.

Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997).
          The RDC parties’ summary judgment motion attacked only the elements of
causation, probable cause, and malice. Specifically, they asserted that (1) they did not
initiate or procure the criminal investigation against McCurdy, (2) probable cause
existed to support McCurdy’s indictment, and (3) the existence of probable cause
negated the malice element of McCurdy’s claim.
B.      Probable Cause
          1.       The Summary Judgment Grounds
          The RDC parties moved for rule 166a(c) summary judgment on the ground that
probable cause existed. Specifically, they argued, among other things, that the
objective evidence available to Assistant District Attorney Cadra fully supported the
decision to charge McCurdy. The RDC parties also moved for rule 166a(i) summary
judgment on the ground that “McCurdy has produced no evidence negating the
existence of probable cause against him.”
          2.       The Law
          “Malicious prosecution actions involve a delicate balance between society’s
interest in the efficient enforcement of the criminal law and the individual’s interest
in freedom from unjustifiable and oppressive criminal prosecution.” Id. Accordingly,
in these types of cases, “there is little room for error in applying the law” because
“even a small departure from the exact prerequisites for liability may threaten the
delicate balance” noted above. Browning-Ferris v. Lieck, 881 S.W.2d 288, 291 (Tex.
1994). “To encourage reporting of crimes, and to ensure that citizens who do so in
good faith will not suffer for their actions, plaintiffs must present clear, positive, and
satisfactory proof in order to succeed.” Digby v. Tex. Bank, 943 S.W.2d 914, 919
(Tex. App.—El Paso 1997, writ denied).
          Because of the “delicate balance” involved in malicious-prosecution cases,
“there is an initial presumption . . . that the defendant acted reasonably and in good
faith and had probable cause to initiate the proceedings.” Richey, 952 S.W.2d at 517.
“This presumption disappears once a plaintiff produces evidence that the motives,
grounds, beliefs, and other evidence upon which the defendant acted did not
constitute probable cause.” Id. at 518. “The burden then shifts to the defendant to
offer proof of probable cause.” Id.
          “The probable-cause determination asks whether a reasonable person would
believe that a crime had been committed given the facts as the complainant honestly
and reasonably believed them to be before the criminal proceedings were instituted.” 
Id. at 517. Probable cause is a mixed question of law and fact if the underlying facts
are disputed; the determination is a question of law if there is no factual dispute. Id.
at 518. “Texas courts have consistently held that probable cause should be evaluated
from the perspective of the person or entity who made the report to law enforcement
authorities, at the time that the report was made. After-the-fact judgments made by
third parties cannot serve to confirm or deny the existence of probable cause.” Digby,
943 S.W.2d at 920.
          3.       Discussion of McCurdy’s Appellate Challenges



          We need consider only the portion of the RDC parties’ summary judgment
motion that asserted that McCurdy could produce no evidence of the lack of probable
cause.
          McCurdy first argues that a fact issue concerning lack of probable cause exists
because the RDC parties “did not disclose very much information at all regarding
McCurdy, but rather stood by and watched as he was wrongly arrested.” The
information that McCurdy claims that the RDC parties failed to disclose to law
enforcement personnel was the “lack of inventory control at [RDC],” which was
allegedly a “material omission.” 
          By not having expressly raised it in his summary judgment responses,
McCurdy waived any argument that probable cause was lacking because the RDC
parties withheld material information from or did not disclose all material facts to the
authorities. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341, 343
(Tex. 1993) (requiring that non-movant present issues defeating summary judgment
in answer or response, with sole exception’s being that non-movant may always argue
on appeal that movant’s grounds were legally insufficient to support summary
judgment). Even if this appellate argument could somehow be implied in McCurdy’s
summary judgment responses, we note that whether a malicious-prosecution
defendant did not disclose all known material facts in good faith to law enforcement
officials has no bearing on probable cause. See Richey, 952 S.W.2d at 519. Rather,
these matters are relevant to the malice and causation elements of a malicious-prosecution cause of action.


 See id. Therefore, such evidence would be no evidence
of the lack of probable cause. Additionally, we note that McCurdy’s own summary
judgment response below relied on evidence showing that Assistant District Attorney
Cadra knew of the lack of inventory control at RDC, and McCurdy does not point, in
his appellate brief’s probable-cause discussion, to any summary judgment evidence
showing that that information was ever hidden from Cadra. 
          McCurdy also argues that the RDC parties made material misrepresentations
to law enforcement personnel, raising a fact issue on lack of probable cause. 
Specifically, McCurdy claims that the RDC parties misled prosecutors by claiming
that an “executive privilege” (discussed below) did not exist and by making
“significant misrepresentations to the Texas Rangers.” Again, by not having raised
it in his summary judgment responses, McCurdy waived any argument that the RDC
parties’ material misrepresentations to prosecutors or to the Texas Rangers
demonstrated a lack of probable cause. See McConnell, 858 S.W.2d at 341, 343. 
Additionally, even if we could somehow construe McCurdy’s summary judgment
pleadings to include this argument, we note that whether the RDC parties made a
material misrepresentation to law enforcement personnel, like whether they failed in
good faith to disclose all material facts to the authorities, has no bearing on probable
cause. See Richey, 952 S.W.2d at 519. Moreover, with respect to his claim that his
deposition testimony raised a fact issue concerning the RDC parties’ “significant
misrepresentations to the Texas Rangers,” McCurdy provides no record references
in support within his brief’s probable-cause discussion, despite the fact that his
deposition was approximately 133 pages long. We also note that the few pages of his
deposition to which McCurdy cited in his summary judgment responses do not
support his appellate claim of misrepresentation, either.
          McCurdy next argues, in a footnote in his brief, that deposition testimony
showed the existence of what he describes as an “executive privilege,” which he
claims was an informal, unwritten policy at RDC allowing supervisors like Hopkins
to sell themselves RDC property with only informal, verbal authorization.


 McCurdy
argues that, because executive privilege would have allowed Hopkins to buy the
property that McCurdy transported to Colorado, McCurdy would not necessarily have
known that Hopkins was stealing and thus McCurdy’s guilt cannot be assumed
simply because he helped move this property. McCurdy’s argument concerns his
state of mind. However, RDC’s failure to investigate further into McCurdy’s mental
state would not preclude probable cause if all of the objective elements of a crime
reasonably appeared to have been completed. See Richey, 952 S.W.2d at 518. 
Therefore, this evidence is no evidence of the lack of probable cause.
          Finally, McCurdy asserts that the Texas Rangers’ reports mention him “only
a few times,” instead focusing on Robinson and Hopkins, and that, after having
contacted McCurdy once, the investigators did not contact him again for about three
months and then did not interview him for another month still.


 McCurdy comments,
“This does not sound like the hot pursuit of a hardened criminal,” and he argues that
the “[l]ack of references to [McCurdy] by interviewees and lack of references to him
in documents collected by the law enforcement officials, raise serious doubts as to
what information Rowan executives could have possibly had as early as the year 1996
[when] they contacted the Texas Rangers.”
          Once again, McCurdy did not make these arguments below and has thus
waived them. See McConnell, 858 S.W.2d at 341, 343. Even had the arguments been
preserved, we would nonetheless conclude that they are without merit and that the
evidence on which McCurdy relies in support is no evidence of the lack of probable
cause. First, the Texas Rangers’ reports expressly mentioned McCurdy or his
participation in the Colorado trip 13 times, even though Robinson and Hopkins
appear to have been the investigation’s main targets.


 Contrary to McCurdy’s view,
this is not a “lack” of references to him. Accordingly, one cannot reasonably infer
from the reports’ discussion of McCurdy that, as he claims, there were “doubts as to
what information Rowan executives could have possibly had as early as the year 1996
they contacted the Texas Rangers.”



 
          On appeal, McCurdy points to no evidence other than that discussed above to
support his argument that the RDC parties lacked probable cause to report him to the
Texas Rangers.
 
          Accordingly, we hold that the trial court did not err if it rendered summary
judgment on the ground that, as a matter of law, probable cause was not lacking. 
Because of our disposition of this issue, we need not reach McCurdy’s remaining
arguments concerning the other elements of his claim.
          We overrule McCurdy’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 


                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Hanks, and Higley.